
| | |
|---|---|
| Daniel Clayton Riddle, # 10340-071, | ) C/A No. 9:10-0084-JFA-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| M. M. Mitchell, Warden, | ) |
| Respondent. | ) |

## *Background of this Case*

The petitioner is an inmate at FCI-Edgefield. He has brought suit pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence for bank robbery entered in Criminal No. 8:03-CR-675-1. On January 28, 2004, the petitioner pled guilty to robbery of the Central Carolina Bank in Pickens on July 15, 2003. On July 12, 2004, the Honorable G. Ross Anderson, Jr., United States District Judge, sentenced the petitioner to one hundred eighty-eight (188) months in prison.

The petitioner's conviction and sentence were, initially, affirmed on direct appeal in *United States v. Riddle*, No. 04-4393, 170 Fed.Appx. 843, 2006 U.S.App. LEXIS 6783, 2006 WL 690947 (4th Cir., March 17, 2006). The United States, however, filed a motion to remand, following which the United States Court of Appeals for the Fourth Circuit granted rehearing. On rehearing, the Court of Appeals affirmed the conviction and sentence, and the Supreme Court of the United States denied discretionary appellate review. *See United States v. Riddle*, 186 Fed.Appx. 367, 2006 U.S.App.

1

LEXIS 16385, 2006 WL 1791337 (4th Cir., June 29, 2006), *cert. denied, Riddle v. United States*, 549 U.S. 1013 (2006).

The petitioner filed a Section 2255 motion to vacate on August 8, 2007, which Judge Anderson denied in an order filed on October 12, 2007. The petitioner also has a pending motion to reduce sentence which was filed on December 29, 2009, in the closed criminal case.

In this Section 2241 petition, the petitioner raises one ground: After the decisions in *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) (holding that failure to stop for a blue light under South Carolina law is not *per se* a violent felony under the Armed Career Criminal Act), the conviction for failure to stop for a blue light is not violent and the petitioner should not have had his sentence enhanced. The petitioner seeks resentencing.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1]

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2

*Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case are not proper § 2241 grounds for relief. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). Indeed, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994).

Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C.



3

§ 2255, not 28 U.S.C. § 2241. *See United States v. Morehead*, No. 97 CR 391, 2000 U.S.Dist. LEXIS 17611, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead.*

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States*, 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district

4

> judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove,* 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). However, the fact that a § 2255 action may be untimely or successive does not render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter,* Civil Action No. 4:04-CV-0846-Y, 2005 U.S.Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), *appeal dismissed, Phillips v. Jeter,* No. 05-10494, 193 Fed. Appx. 326, 2006 U.S. App. LEXIS 20154, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006). *Cf. United States v. Winestock;* and *Rhodes v. Houston,* 258 F. Supp. 546 (D. Neb. 1966). Nor can this Court consider this petition as having been filed under § 2255, because before the petitioner attempts to file another petition regarding his sentence under 28 U.S.C. § 2255, he **must** first seek and obtain leave (*i.e.,* written permission) from the United States Court of Appeals for the Fourth Circuit.[2]

---

[2]*See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214 (1996), which is codified at 28 U.S.C. § 2244. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia. The five-page form is entitled "Motion for Authorization to File Successive Application under 28 U.S.C. § 2244." The mailing address of the
(continued...)

5

To the extent petitioner is asserting an "actual innocence" claim, he is actually complaining about a sentence enhancement, not that he is innocent of having robbed a bank. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Doe v. Menefee*, 391 F.3d 147 (2nd Cir. 2004). Prisoners, such as the petitioner, often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motions they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

However, the petitioner's actual innocence claim is facially inadequate to require consideration because the petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charge* on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence,

---

(...continued)
Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1110 East Main Street — Suite 501, Richmond, Virginia 23219-3517.



trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim). Rather, the petitioner's actual innocence claim is based on his assertion that the sentencing court improperly gave him an enhanced sentence by reliance on a South Carolina state conviction that was considered "violent" at the time of sentencing, but that may be now considered "non-violent" because of the decision in *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009). Such claims of "actual innocence" of an enhanced sentence have been recently considered by this court in two unpublished opinions, the texts of which are available on the LEXIS® and WESTLAW® services. *See, e.g., Brown v. Rivera*, Civil Action No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655, 2009 WL 960212 (D.S.C., April 7, 2009); and *Chisholm v. Pettiford*, Civil Action No. 6:06-2032-PMD, 2006 U.S. Dist. LEXIS 66755, 2006 WL 2707320 (D.S.C., Sept. 18, 2006).

This court in *Brown* and *Chisholm* rejected the actual innocence claims of federal prisoners made in petitions filed pursuant to 28 U.S.C. § 2241, relying, in part, on a prior case from this court, *Wyatt Davis v. United States*, Civil Action No. 8:05-2778-GRA, 2006 U.S. Dist. LEXIS 2989, 2006 WL 89505, at *6 (D.S.C., Jan. 12, 2006).[3] The *Davis* case relied, in part, on a case decided by the Fifth Circuit Court of Appeals in 2000: *Kinder v. Purdy*, 222 F.3d 209 (5th Cir.

---

[3]The WESTLAW service often combines the magistrate judge's Report and Recommendation with the Order of the United States District Judge adopting the Report and Recommendation. The LEXIS service tends to assign separate citations to them. The magistrate judge's Report and Recommendation in *Davis* is reported at *Davis v. United States*, 2005 U.S. Dist. LEXIS 39677 (D.S.C., Dec. 15, 2005).

7

2000).⁴ As in *Kinder, Davis, Brown,* and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence — ***not the actual innocence of the underlying criminal conviction***. Therefore, despite the petitioner's claims that he is actually innocent of the enhanced sentence he received due to new case law, there is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of the petitioner's criminal conviction for robbery of a bank.⁵ *United States v. Poole*, 531 F.3d 263, 267 & n.7 (4th Cir. 2008).

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney*

---

⁴The docket entry for the sentencing (Entry No. 24) in the closed criminal case contains the following language: "The court recommends that the defendant will be allowed to petition the court for a reduction if any new provisions of the law in regards to career offender status are enacted." This language presupposes enactment of a statute by the Congress or, perhaps, the enactment of a new or revised sentencing guideline by the United States Sentencing Commission. The two court decisions — *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) — were not "enacted" because they were court decisions. See also *Black's law Dictionary* (8th edition 2004) [WESTLAW]:

**ENACT**

> **enact,** *vb.* **1.** To make into law by authoritative act; to pass <the statute was enacted shortly before the announced deadline>. **2.** (Of a statute) to provide <the statute of frauds enacts that no action may be brought on certain types of contracts unless the plaintiff has a signed writing to prove the agreement>. — **enactor,** *n.*

⁵In any event, *United States v. Roseboro* was a direct appeal, not a collateral proceeding.

8

v. *Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 22, 2010

Charleston, South Carolina

9

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



10