| | | |
|---|---|---|
| Daniel Clayton Riddle, # 10340-071, | ) | C/A No. 9:10-0084-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| M.M. Mitchell, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Daniel Clayton Riddle, a federal prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C.§ 2241. Specifically, petitioner seeks to have his criminal sentence for bank robbery corrected in light of the Supreme Court's decision in *Begay v. United States*. 553 U.S. 137 (2008) and the ruling by the Fourth Circuit Court of Appeals in *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009). He contends that his conviction for failure to stop for a blue light is not violent under recent case law, and his sentence should not remain enhanced under the Armed Career Criminal Act (ACCA).

After the Report and Recommendation was filed, the petitioner filed a motion requesting that the court take into consideration the recent Fourth Circuit's decision in *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), holding that a violation of South Carolina's blue light statute, S.C. Code Ann. § 56-5-750(A) does not qualify as a predicate offense for purposes of the ACCA.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews*

Recommendation and opines that this action should be summarily dismissed because the claim presented is not proper § 2241 grounds for relief. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 25, 2010.

In his timely objections, petitioner acknowledges that he filed a direct appeal of his conviction, which the Fourth Circuit Court of Appeals affirmed. Petitioner also concedes that he filed a timely motion under 28 U.S.C. Section 2255 which was also rejected by the district court. Petitioner contends that he is not challenging his conviction, rather, he is challenging his career offender status because he is actually innocent of that sentencing provision. Specifically, he contends that pursuant to *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), that his enhancement for failure to stop for a blue light no longer qualifies as a violent offense so as to enhance his sentence under the career offender statute.

PROCEDURAL BACKGROUND

The petitioner is an inmate at FCI-Edgefield serving a sentence of 188 months for bank robbery. He was sentenced by the Honorable G. Ross Anderson, Jr., United States District Judge for the District of South Carolina on July 12, 2004 in criminal case number 8:03-675. His conviction and sentence were ultimately upheld by the Fourth Circuit Court

---

*v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

of Appeals.[2]

On August 8, 2007, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. He raised various grounds of ineffective assistance of counsel during the plea negotiation and guilty plea proceedings and failure to object to the use of a prior conviction (failure to stop for a blue light) as predicate for Career Offender classification. Petitioner also claimed that his guilty plea was not made knowingly and intelligently and that there were errors at sentencing. Judge G. Ross Anderson denied the § 2255 petition on October 12, 2007.

The Magistrate Judge also notes that presently before Judge G. Ross Anderson is a motion filed by petitioner on December 29, 2009 in his criminal case (8:03-675-GRA) asking of the court, "I would like to know, if you want me to file a 2241 or get a lawyer to go through the motions, or what avenue would you consider for me to take." Petitioner seeks the same relief in that motion as he does in the present petition under § 2241. Additionally, the court notes that such motion is set for a hearing before Judge G. Ross Anderson on April 29, 2010.

As the Magistrate Judge correctly suggests, the claim raised by petitioner is not proper in a § 2241 petition. Moreover, this court cannot consider the present § 2241 petition as one under § 2255 because petitioner has not sought leave from the Fourth Circuit Court of Appeals to file a successive § 2255 petition.

---

[2] See *United States v. Riddle*, No. 04-4393, 170 Fed. Appx. 843, 2006 WL 690947 (4th Cir. Mar. 17, 2006).

In petitioner's objections, he contends that he is not challenging his conviction; rather, he is challenging his career offender status because he is actually innocent of that particular sentencing provision, citing *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994).

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this petition is dismissed without prejudice and without issuance and service of process. The Clerk is directed to forward a copy of this order to the Honorable G. Ross Anderson, Jr., United States District Judge.

IT IS SO ORDERED.

April 27, 2010                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge